# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BRIAN RAY HUBER                                                                                   PLAINTIFF

v.                                4:08CV04224 BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,                                       DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, Brian Ray Huber, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.[1]

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

**I.**     **Procedural History**

After conducting an administrative hearing, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 5, 2008, the date of his decision. (Tr. 50-51) On October 30, 2008, the Appeals Council received and considered additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4) Plaintiff then filed his complaint initiating this appeal. (Docket #2)

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket entry #5)

## II. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

## III. Background

Plaintiff alleged that he was limited in his ability to work by complications from previous chemotherapy treatment, arthritis and low back pain. (Tr. 18, 114) He was thirty-nine years old at the time of his alleged onset of disability. (Tr. 49) He is a high school

graduate and a one-year technical college graduate. (Tr. 18, 118) He has past relevant work as a heavy equipment operator and truck driver. (Tr. 49, 115, 123-30)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment (or combination of impairments) which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairments meet or equal a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date, April 30, 2006. (Tr. 45) He found that Plaintiff had "severe" impairments, degenerative disk disease, degenerative joint disease and residual effects of testicular cancer. *Id.* He determined Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 46) He judged that Plaintiff's allegations regarding his limitations were not totally credible. (Tr. 47)

The ALJ found that Plaintiff retained the residual functional capacity for less than a full range of light work. (Tr. 46, 48, 49) He determined Plaintiff was unable to perform any of his past relevant work. (Tr. 49) Based upon responses by a vocational expert to written interrogatories, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, small products assembler, food order clerk and production inspector. (Tr. 50) Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

The ALJ found that Plaintiff retained the residual functional capacity for less than a full range of light work, including up to four hours of walking/standing, one hour at a time. (Tr. 46, 48, 49) The ALJ considered Plaintiff's complaint of right knee pain:

> The claimant has recently sought treatment for right knee pain (Exhibit 8F). On February 5, 2008, Dr. Ross found that the claimant retained full range of motion in his knees and most other joints and concluded that he was possibly affected by mild degenerative joint disease (Exhibit 7F). On February 14, 2008, he sought emergency treatment for right knee pain (Exhibit 8F/6). He reported that he originally hurt this knee while in the military in 1987 or 1988. (*Id.*) At that time, physical examination revealed that his right knee was a mirror image of his left knee with no swelling, redness or effusion. (*Id.*) He retained full extension and ligaments appeared intact. (*Id.*) Despite these seemingly benign findings, subsequent MRI revealed a meniscal tear, ACL[2] tear, and degenerative changes in his knee (Exhibit 8F/37). On April 28, 2008, he presented as markedly symptomatic with substantial tenderness in his knee

---

[2] Anterior cruciate ligament. Neal M. Davis, <u>Medical Abbreviations: 15,000 Conveniences at the Expense of Communications and Safety</u>, 26 (10th ed. 2001).

(Exhibit 8F/11). There are no follow-up treatment notes that reference significant knee pain or limitation.

Accordingly, the undersigned finds that the claimant appears to have experienced largely normal right knee functioning until sometime around March, 2008. At that time, he was apparently limited by a torn meniscus, torn ACL, and degenerative changes. However, there has been little follow-up treatment demonstrating persistent functional deficits related to right knee pain. Therefore, his right knee impairment has not prevented him from meeting the general requirements of light work. His standing and walking is limited to no more than 4 hours and only one hour at a time.

(Tr. 48)

## IV. Discussion

The ALJ placed too much emphasis on the lack of follow-up treatment. John L. Vanderschilden, M.D., Veterans Administration orthopaedic surgeon, evaluated Plaintiff April 28, 2008, eight days before the hearing. (Tr. 354) He noted exquisite tenderness in the posteromedial[3] corner. *Id.* Examination confirmed the torn ACL. *Id.* He concluded: "Seeing that he is markedly symptomatic, we will plan on reconstructing the ACL in the near future. He does understand the risks and benefits and agrees with surgical intervention. He will be scheduled accordingly." *Id.* This evidence clearly undermines the ALJ's conclusion that Plaintiff was able to walk/stand up to four hours in an eight-hour workday.

Plaintiff makes other arguments, which need not be addressed at length. Two merit brief discussion. Plaintiff argues the ALJ failed to consider the May, 2000 Veterans Administration determination that his low back strain disability rating had been increased from 10% to 40%. (Br. 12-13) Plaintiff's point is not well taken. Plaintiff did not submit that evidence to the ALJ, but only to the Appeals Council. (Tr. 5, 12-13) The Appeals Council did consider it. (Tr. 1-2)

---

[3] Behind and to the inner side. PDR Medical Dictionary 1546 (3d ed. 2006).

Plaintiff also contends the ALJ erred by not considering his obesity. (Br. 11-12) Significantly, Plaintiff did not claim disability based on obesity in his application for benefits or at the administrative hearing. *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

More importantly, there is no evidence in the record that Plaintiff's obesity imposed any limitations on his ability to work. *Id.*; see *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions).

## V. Conclusion

The Court finds that the ALJ's decision is not supported by substantial evidence. Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a proper evaluation of Plaintiff's knee pain and its impact on his residual functional capacity.

Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED, this 8th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE